IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RICHARD CLEVELAND TUGGLES**                  **PLAINTIFF**

**v.**                  **CIVIL ACTION NO. 3:21-cv-20-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                  **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review of a favorable final decision of the Commissioner of the Social Security Administration regarding an application for supplemental security income. The undersigned held a hearing on January 19, 2022. [21] Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

### Standard of Review

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court recently explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks

whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

### Statement of the Case

At the outset, the undersigned must note that this appeal is of a fully favorable decision, dated June 10, 2020, in favor of the Plaintiff. Plaintiff has previously applied for SSI and received denials on those applications at the ALJ level in 2007, 2012, and 2018, all three of which were not appealed by Plaintiff's counsel after the Appeals Council issued its denials. Tr. 23-87, 204-206. On November 15, 2018, Plaintiff protectively filed for the SSI application before this Court, alleging disability due to high blood pressure, total right hip replacement, lower back problems, left arm torn rotor cuff, and left eye vision problems. Tr. 88-93. After the agency denied Plaintiff's applications initially and on reconsideration, Plaintiff requested an administrative hearing. Tr. 139-

2

153. On May 19, 2020, Plaintiff wrote the ALJ to ask her to "consider a reopening of the 2018 ALJ denial." Tr. 270. In said letter, Plaintiff acknowledged that the case was outside the two-year period from the initial denial date on the prior claim, but urged the ALJ to consider that there was an error on the face of the denial decision and allow reopening of the same. Tr. 270.

Without conducting a hearing, on June 10, 2020, the ALJ issued her decision, finding Plaintiff was disabled as of November 15, 2019. Tr. 16-19. In her decision, the ALJ stated that she "considered the medical opinions and prior administrative medical findings in accordance with the requirements of 20 CFR 416.920c." Tr. 17. The ALJ's June 10, 2020, order also provided that, should he desire one, Plaintiff could still request a hearing to examine the evidence on which the ALJ based his decision. Tr. 13. However, the record reveals that no hearing was requested.

Then, on August 7, 2020, Plaintiff requested the Appeals Counsel review the ALJ's decision, based on his contention that the ALJ had not ruled on his request to reopen his prior 2018 decision, but without arguing the fully favorable 2020 decision was erroneous. Tr. 182, 273. On December 1, 2020, the Appeals Council denied Plaintiff's request for review of the June 10, 2020, decision, making the ALJ's June 10, 2020, decision the Commissioner's final decision for purposes of judicial review pursuant to 42 U.S.C. § 405(g). Tr. 6-9.

## Discussion

The Plaintiff raises two interrelated issues: (1) The ALJ, although giving a fully favorable decision, failed to acknowledge and rule upon Mr. Tuggles' request for reopening; and (2) The ALJ failed to respond to the fact that there was an error on the face of the record. These issues will be addressed simultaneously below.

On May 19, 2020, Plaintiff wrote the ALJ to ask her to "consider a reopening of the 2018 ALJ denial." Tr. 270. Plaintiff is correct that in the ALJ's June 10, 2020, decision, she did not

3

expressly rule upon Plaintiff's request for reopening. According to HALLEX I-2-9-10, "When a claimant expressly requests reopening, an ALJ will specifically respond to the request even if the ALJ is denying the request or if the ALJ does not have jurisdiction to reopen the determination or decision." The ALJ failed to do so in her June 10, 2020, order.

Nonetheless, this Court finds that the ALJ's failure to expressly rule upon Plaintiff's request for reopening is not reversible error. In *Newton v. Apel*, 209 F.3d 448, 459-60 (5th Cir. 2000), the Fifth Circuit held that the Agency's failure to follow the Agency's Hearings and Appeals legal manual known as the HALLEX is reversible error only when the claimant is prejudiced as a result. Furthermore, the harmless error rule applies to the administrative process, meaning that reversal on account of error is not automatic, but requires a determination of prejudice. *Shinseki v. Sander*s, 556 U.S. 396, 407 (2009). The burden is on the party claiming error to demonstrate not only that an error is present, but also that it affected his "substantial rights." *Id.*

Here, Plaintiff was not prejudiced because pursuant to 20 C.F.R. § 416.1488,

A determination, revised determination, decision, or revised decision may only be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or

(c) At any time if it was obtained by fraud or similar fault. In determining whether a determination or decision was obtained by fraud or similar fault, we will take into account any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have had at the time.

20 C.F.R. § 416.1488.

Lastly, it bears mentioning that the *Schofield* case that Plaintiff relies heavily upon in support of his request to reopen was not decided until 2020. *See Schofield v. Saul*, 950 F.3d 315 (5th Cir. 2020). The regulations clearly state: "We will not find good cause to reopen your case if

4

the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made." 20 C.F.R. § 416.1489(b). The only basis for Plaintiff's argument herein is that a "change of legal interpretation" would possibly lead to a new decision regarding the 2018 determination—the exact basis the regulations expressly prohibit for a reopening. Therefore, even if Plaintiff's request had been within the 2-year time frame required by the regulations, Plaintiff's claim cannot stand.

## Conclusion

For the reasons stated above, the undersigned finds that the Commissioner's decision should be and is hereby affirmed.

**SO ORDERED** this, the 20th day of January, 2022.

/s/ Jane M. Virden
U.S. Magistrate Judge